OPINION
Defendant-appellant, Richard Bainum, appeals his conviction in the Butler County Court of Common Pleas for the murder of a Middletown, Ohio woman ("the victim") in violation of R.C. 2903.02(A).
On November 6, 1998, appellant went to a bar on Central Avenue in Middletown, Ohio. The victim, a patron in the bar, started talking to appellant. Appellant and the victim eventually left the bar together and went to his place of residence, where appellant alleges they engaged in consensual intercourse. Appellant alleges that the victim then asked him to engage in anal intercourse. What happened next was described in appellant's written confession as follows:
 I then said hell no I won't, your [sic] sick in the head. She said well I'll run out of here and scream rape. I said no you won't, snatched her by her * * * hair and then grabbed her purse and quickly put the straps around her neck and twisted it till she stopped breathing[.]
In an interview tape-recorded at the police station, appellant stated that
 This lady made me think she was a perfect * * * angel. And everybody else around her, I guess believed that she was a perfect angel. But when she got up in that room, she was everything totally the opposite. And, I thought I did her a favor by ending it so she could go on being that angel without having the burden for what her past was.
 Appellant stated he "had no time to think" and strangled the victim "when [he was] scared * * * and * * * panicked." Appellant also stated "Get rid of the woman. So, pow [sic], really trying to think, I ain't got a gun. I had a knife. I sure as hell ain't gonna stab her and put blood over my * * * room. (inaudible) keep blowing out of the question. I choked the bitch. Grabbed her purse, * * * throw the strap around her neck and done it."
Appellant was indicted in December 1998 on one count of murder. Appellant entered a plea of not guilty by reason of insanity. He later withdrew it and entered a not guilty plea. On November 3, 1999, the state filed a motion in limine to exclude all evidence of appellant's mental health, including appellant's mental health records from prior contacts with hospitals and mental health agencies, and any testimony from mental health professionals who had seen appellant in the past. One such professional was Dr. Kathleen Burch, a court-appointed psychologist who evaluated appellant for insanity and competency purposes. The trial court granted the state's motion in limine.
Appellant was tried to a jury on November 8-10, 1999. During trial, appellant presented Dr. Burch's testimony by way of proffer. Dr. Burch would have testified that appellant suffers from an impulse control disorder that renders him dysfunctional, that he has never been able to cope with situations, that he was diagnosed with Attention Deficit Hyperactivity Disorder and Intermittent Explosive Disorder ("IED"), that the degrees of violence exhibited by a person suffering from IED are out of order with the level of "stressors" causing the person to act out in the first place, that a person suffering from IED does not think or plan but rather only reacts to situations, and that an accusation for rape for not performing anal intercourse would have been enough provocation in appellant's mind and would have been sufficient to trigger IED. Prior to the jury's deliberations, the trial court gave the jurors an instruction on voluntary manslaughter. On November 10, 1999, a jury found appellant guilty of murder as charged. This appeal followed.
In his sole assignment of error, appellant argues that the trial court erred when it refused to allow appellant to introduce evidence regarding his impulse control disorder. We disagree.
We note at the outset that appellant withdrew his insanity plea and that Ohio does not have a diminished capacity defense. State v. Wilcox
(1982), 70 Ohio St.2d 182, 199. A defendant is ordinarily precluded from "offer[ing] expert psychiatric testimony, unrelated to the insanity defense, to show that, due to mental illness, intoxication, or any other reason, he lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." State v. Cooey
(1989), 46 Ohio St.3d 20, 26.
In the case at bar, the trial court gave the jurors an instruction on voluntary manslaughter. R.C. 2903.03(A) governs voluntary manslaughter and states that
 No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another * * *.
Because the trial court instructed the jury that it could convict appellant of voluntary manslaughter, appellant was entitled to offer evidence that he acted in a sudden fit of rage when he strangled the victim. The evidence he wished to offer, including Dr. Burch's testimony, was probative of the voluntary manslaughter jury instruction and admissible for that purpose, and the trial court abused its discretion when it excluded the evidence. State v. Sanders (July 21, 2000), Montgomery App. No. 17718, 2000 WL 1006574, at *3, unreported;State v. Watson (Jan. 30, 1998), Montgomery App. No. 16149, 1998 Ohio App. LEXIS 654, at *7, unreported. However, any error arising from the exclusion of the evidence is harmless beyond a reasonable doubt because the voluntary manslaughter instruction was improperly given. Id.; see, also, Sanders, Montgomery App. No. 17718, 2000 WL 1006574, at *3, unreported.
It is well-established that "a defendant charged with murder is entitled to an instruction on voluntary manslaughter when the evidence presented at trial would reasonably support both an acquittal on the charged crime of murder and a conviction for voluntary manslaughter."State v. Shane (1992), 63 Ohio St.3d 630, 632. When the evidence presented at trial does not meet this test, a voluntary manslaughter instruction is not warranted. Id.
R.C. 2903.03(A) clearly states that the sudden fit of rage must be "brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force * * *." "For provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." Id. at 635. "Severe emotional distress, standing alone, does not warrant a charge of Voluntary Manslaughter. The statute sets up a cause-and-effect relationship between serious provocation and the stress that results." Sanders, Montgomery App. No. 17718, 2000 WL 1006574, at *3, unreported. Generally, "words alone will not constitute reasonably sufficient provocation to incite the use of deadly force[.]"Shane at 637.
In the case at bar, the victim allegedly threatened to accuse appellant of rape if he did not perform a particular sexual act. While appellant may arguably have been subjectively provoked by the victim's threat, we find that the victim's single threat was not a provocation reasonably sufficient to arouse the passions of an ordinary person beyond the power of his or her control. Shane at 638. In addition, there was not sufficient evidence from which the jury could reasonably conclude that the fit of rage that motivated appellant to strangle the victim was suddenly brought about in appellant by the victim's threat. Appellant's statement that he was "scared" and panicked was contradicted when he later stated he did think as to how he was going to kill the victim. It was only after appellant had eliminated using a gun or a knife that he decided to use the straps of the victim's purse to kill her.
In light of all of the foregoing, we conclude that no reasonable jury could have decided that appellant was sufficiently provoked by the victim so that a conviction on voluntary manslaughter could have been forthcoming. Id. As a result, appellant was not entitled to the voluntary manslaughter instruction which the trial court gave, and the trial court's refusal to admit evidence of appellant's mental health, including Dr. Burch's testimony, was harmless error. Appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.